David Avstreih, Esq. Corporation Counsel, Mount Vernon
You have asked whether a city by local law may vary the provisions of section 808(3) of the General Muncipal Law in relation to the composition of a municipal board of ethics.
Municipalities, including cities, have the option to establish a local board of ethics to render advisory opinions to their officers and employees concerning ethics standards (General Municipal Law, §808). The members of a city board of ethics are to be appointed by a person or body designated by the city's governing body (id., § 808[3]). The board of ethics "shall consist of at least three members, a majority of whom are not otherwise officers or employees of such municipality. Such board shall include at least one member who is an elected or appointed municipal officer or employee" (ibid.). Your city council desires to eliminate the requirement that a city officer or employee be a member of the board, in order to establish the local board of ethics as a truly independent body and so that persons will not be reluctant to request advice from the board.
Local governments, including cities, are authorized to adopt and amend local laws not inconsistent with the provisions of the Constitution or with any general law relating to their property, affairs or government and the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of their officers and employees (NY Const, Art IX, § 2[c]; Municipal Home Rule Law, § 10[1][i] and [ii][a][1]). It is our view that the composition of a local board of ethics may be determined under this grant of local law power. This grant permits municipalities to establish local offices and positions of employment and generally to determine the bureaucratic structure of government.
Section 808(3) of the General Municipal Law is not, in our opinion, an obstacle to the enactment of the proposed local law. Local laws need only be consistent with general State laws (NY Const, Art IX, § 2[c]; Municipal Home Rule Law, § 10). For home rule purposes, a general law is defined as "[a] law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages" (id., Art IX, § 3[d][1]). Section 808(3) is not, under this definition, a general law (Johnson vEtkin, 279 N.Y. 1 [1938]). Section 808(3) gives cities the option to establish a board of ethics. It does not in terms and in effect apply alike to all cities (ibid.). It applies only to those cities opting to come under it (ibid.). Thus, a local government may enact a local law establishing the composition of a local board of ethics that is inconsistent with the provisions of section 808(3) of the General Municipal Law.
We conclude that a city may enact a local law establishing the composition of a local board of ethics that is inconsistent with section808(3) of the General Municipal Law.